Duane ZIEMBA, on behalf of himself and all persons similarly situated, Plantiff–Appellant,

v.

M. Jodi RELL, Theresa Lantz, David N. Strange, in their official capacities, Defendants–Appellees.

Docket No. 05–8903.

United States Court of Appeals, Second Circuit.

May 12, 2005.

En Banc Rehearing Denied Sua Sponte May 12, 2005.

Order Revised May 16, 2005.*

* The sole revision to this order is the language    indicating that en banc rehearing was denied.

Antonio Ponvert, III, Esq., Koskoff, Koskoff & Bieder, Bridgeport, CT, for Plaintiff–Appellant.

Richard Blumenthal, Esq., Jane R. Rosenberg, Esq., Steven R. Strom, Esq., Terrance M. O'Neill, Esq., Ann E. Lynch, Esq., Perry A. Zinn Rowthorn, Esq., Quinn Susan Cobb, Esq., Attorney General's Office, Hartford, CT, for Defendants–Appellees.

Present: SACK, KATZMANN, HALL, Circuit Judges.

### ORDER

■ Appellant brought a purported class action in the United States District Court for the District of Connecticut claiming that the execution of Michael Ross, scheduled for May 13, 2005, would violate his constitutional rights and those of other similarly situated prisoners. Appellant asserts that the media have paid and continue to pay substantial attention to Ross's case, that such news reports of Ross's execution will reach class members, that receiving this news will increase the risk that appellant or other suicide-prone class members will attempt to harm themselves, and that the Connecticut Department of Correction (DOC) lacks the mental health and custodial resources necessary to prevent all class members from harming themselves. Appellant contends that this chain of events would result in a violation of class members' Fourteenth and Eighth Amendment rights.

■ The constitutional requirements of Article III standing are well known. "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks, footnote, and citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of—the

injury has to be fairly ... trace [able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Id.* (internal quotation marks omitted; alteration in original). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561, 112 S.Ct. 2130 (internal quotations omitted).

Appellant asserts that he and other class members will suffer injury in fact as described above and that this injury satisfies the requirements of Article III standing. We strongly doubt whether this injury is sufficiently non-conjectural or non-hypothetical to constitute a cognizable injury in fact or whether its redressability is sufficiently non-speculative. We need not reach this issue, however, because we conclude that the necessary causal connection between defendants' alleged conduct and the alleged injury is lacking.

■ The alleged injury of which appellant complains would be caused by a chain of events including actions taken by the press and by class members themselves. The alleged injury to appellant is therefore "highly indirect" and results from both the plaintiffs' own actions and the independent actions of third parties not before the court. *Allen v. Wright,* 468 U.S. 737, 757, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). We therefore conclude that "the links in the chain of causation," *id.* at 759, 104 S.Ct. 3315, between Ross's execution and the asserted injury are too attenuated and too numerous to satisfy "the irreducible constitutional minimum of standing," *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130, with respect to appellant's claims, all of which are directed toward challenging Ross's execution. "[W]e may affirm the judgment of the district court on any ground appearing in the record." *Boy Scouts of Am. v. Wyman,* 335 F.3d 80, 90 (2d Cir.2003). Because we conclude that appellant does not

have standing to bring the claims raised below, we affirm the order of the district court denying appellant's application for a temporary restraining order, and we deny appellant's motion in this Court for a stay of Ross's execution.

For the foregoing reasons, the order of the district court be and it hereby is AFFIRMED and appellant's motion for a stay is DENIED.